REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Haberman:
By letter dated January 19, 1981, you requested an opinion from this office as to the constitutionality of LB 226 which has been introduced for consideration by the current Legislature and which would authorize the state, working through the Department of Environmental Control, to regulate water well and water pump installation contractors. More specifically, it appears to us that you wanted us to review the role the Nebraska Well Drillers' Association, a private entity, would play in the licensing of water well and pump installation contractors were LB 226 to be enacted.
Essentially, LB 226 would require each water well or pump installation contractor seeking a license to make initial application to the Association. While the approval of the application by the Association appears to be necessary before the application can be submitted for final action to the Department of Environmental Control, the bill sets out no standards or criteria for approval to be applied by the Association. Apparently, the approval process is to be left entirely to its discretion. We find this arrangement to be constitutionally impermissible.
One of the most fundamental principles of a constitutional form of government is that legislative power cannot be delegated by the Legislature to private entities. This principle has been confirmed in a long line of cases by the Nebraska Supreme Court which began as early as 1924.Elliott v. Wille, 112 Neb. 86, 200 N.W. 347 (1924). It is our view that allowing the Nebraska Well Drillers' Association to play the role contemplated by LB 226 in the licensing of water well and pump installation contractors would effect the kind of delegation of power the Nebraska Constitution will not permit.
Additionally, notwithstanding that Association approval would be a condition precedent to applying for the actual license to the Department of Environmental Control, the bill's lack of any standards or criteria to be applied by the Association in its initial approval process is even more conspicuous. It is our view that the potential for arbitrary treatment under this provision, and its vagueness and uncertainty as well, also render it constitutionally void.
It occurs to us that LB 226 would give to the Association virtual control over entry into the trade or business of water well and pump installation contracting. We conclude that the bill thereby would bestow on the Association a special privilege, the kind of which is prohibited by ArticleIII, Section 18, of the Nebraska Constitution. Moreover, while the regulation of water well and pump installation contractors might reflect a valid public purpose in general, the regulation inherently would interfere with one's pursuit of a particular trade or business which is fair, reasonable, permitted only where trade or business which is constitutionally and is not arbitrary or capricious. Since the Association would not be required to apply any reasonable standards or criteria in its approval of prospective licensees, we are of the view that a prospective applicant is not provided the kind of due process safeguards with respect to the interference in his or her pursuit of a lawful trade or business which is required by the Fourteenth Amendment of the United States Constitution, and by Article I, Sections 1, 3, 16, and 25, of the Nebraska Constitution.
With respect to your concern about possible antitrust implications of LB 226, we can be less definitive. We do feel that to the extent the bill would effectively grant to the Association monopolistic control over the entry into water well and pump installation contracting, as we think it would, the climate would be much more ripe for possible antitrust violations than otherwise would be the case.
Very truly yours, PAUL L. DOUGLAS Attorney General Shanler D. Cronk Assistant Attorney General